**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HARRY S. ROWAN, JR., | : | |
| | : | Civil Action No. 09-275 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PTL. B. STAIGER, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    HARRY S. BROWN, JR., Plaintiff pro se
    #215013
    Camden County Correctional Facility
    P.O. Box 90431
    Camden, New Jersey 08101

**KUGLER**, District Judge

    Plaintiff Harry S. Brown, Jr., currently a state inmate confined at the Camden County Correctional Facility in Camden, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights under 42 U.S.C. § 1983. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim

upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I. BACKGROUND

Plaintiff, Harry S. Rowan, Jr. ("Rowan"), brings this civil rights action against defendants, Ptl. B. Staiger and Ptl. Lyons of the Waterford Police Department. (Complaint, Caption and ¶¶ 4b, 4c and 6). The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Rowan alleges that, on December 15, 2008, he was arrested by the defendants while at the Traveler's Lodge in Alco, New Jersey. Rowan states that he had been involved in a confrontation with another individual, Mark Deandree, who had struck plaintiff in the head with a baseball bat. Rowan complains that he was the only person arrested, and that defendants did not bring criminal charges against Mr. Deandree. (Complaint, Statement of Claims at ¶ 6).

The Complaint does not set forth the type of relief that Rowan is seeking. It appears that plaintiff is seeking some kind of injunctive relief directing that he be allowed to file a cross claim against Deandree.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Here, plaintiff is a prisoner who is proceeding in forma pauperis, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined at the Union County Jail. Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because he is proceeding as an indigent, and under 28 U.S.C. § 1915A because he is a prisoner seeking redress from government officials and entities.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court

must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

In short, a pro se prisoner plaintiff simply need comply with the pleading requirements of Rule 8(a)(2)(complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). See Erickson, 127 S.Ct. at 2200. Thus, a complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n. 12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson, 127 S.Ct. at 2200 (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculation level. ...

Bell v. Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Accordingly, a pro se prisoner plaintiff may allege only enough

factual matter (taken as true) to suggest the required elements of the claim(s) asserted. Twombly, supra; Phillips v. Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or

inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.   ANALYSIS

The Complaint seems to allege that defendants are liable to plaintiff because they failed to file criminal charges against

6

another individual involved in the altercation that prompted plaintiff's own arrest. This Court finds that any such claim alleging failure to prosecute or file criminal charges is not cognizable under any federal law, specifically, 42 U.S.C. § 1983. See Leeke v. Timmerman, 454 U.S. 83, 85-87 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). See also Maine v. Taylor, 477 U.S. 131, 137 (1986); Heckler v. Chaney, 470 U.S. 821, 832 (1985); United States v. General Dynamics Corp., 828 F.2d 1356, 1366 (9th Cir. 1987).

Therefore, the Complaint should be dismissed with prejudice, in its entirety, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## V.   CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety as against all defendants, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate order follows.

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: 1/27/05

7